FILED
2017 JUN 16  P 2:39
US DISTRICT COURT
BRIDGEPORT CT

FILED
2017 JUN 16  P 2:3[8]
US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor,

   Plaintiff,

v.

CHARTER OAK HEALTH CENTER, INC.;
ALFREDA D. TURNER, in her official and
personal capacities,

   Defendants.

---

Civil Action No. 3:17-cv-00959

June 14, 2017

## CONSENT JUDGMENT AND ORDER

This case concerns an action filed in this court by Plaintiff R. Alexander Acosta, the Secretary of Labor, United States Department of Labor (the "Secretary"), pursuant to the provisions of Section 11(c), 29 U.S.C. § 660(c), of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq. (the "Act"). The parties have agreed to resolve all matters in controversy in this action and consent to entry of a Judgement and Order by this court in accordance herewith.

  A. The Secretary's Complaint alleges that Defendants Charter Oak Health Center, Inc. ("Charter Oak") and Alfreda D. Turner intentionally and unlawfully terminated the employment of Doreen Coburn, Angela Griffin-Wimberly, and Germaine Washington because of their exercise of rights secured by the Act, and Defendants thereby engaged in conduct that violated Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).[1]

  B. Charter Oak and Alfreda D. Turner have each filed an Answer responding to the

---

[1] Angela Griffin-Wimberly passed away on April 22, 2017.

1

allegations brought by the Secretary, in which they have denied that they violated the law or retaliated against Doreen Coburn, Angela Griffin-Wimberly, and/or Germaine Washington.

C. Defendants admit that this court has jurisdiction over them and over the subject of this action. Defendants admit that this court has the authority to enter and enforce this Order, and that this judicial district is the most appropriate venue for any enforcement action which may be required as a result of this Order.

D. This Order represents a complete resolution of all the Secretary's claims asserted in this action. The Secretary and Defendants expressly waive findings of fact and conclusions of law, except as otherwise set forth herein, and consent to the entry of this Order as a full and complete resolution of all of the Secretary's claims which were made, or could have been made, arising from the facts alleged in the Complaint, without trial or adjudication of any issues of fact or law raised in the Complaint.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED that:

1. The court has jurisdiction over Defendants and the subject matter of this action, and is empowered to provide the relief herein.

2. Defendants agree to abide by the provisions of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1), by not discriminating against, interfering with, restraining, or coercing any employee because such employee has filed any complaint or has instituted or caused to be instituted any proceeding under the jurisdiction of the Occupational Safety and Health Administration ("OSHA"), or has testified or is about to testify in any such proceedings or because of the exercise by such employee on behalf of herself or others of any rights afforded by the Act.

3.     Charter Oak agrees to immediately post the OSHA Fact Sheet entitled "Your Rights as a Whistleblower" in both English and Spanish, in a conspicuous place or places at its work premises where it is easily seen and is readable, and will maintain this posting in accordance with 29 C.F.R. § 1903.2. Charter Oak further agrees to disseminate this OSHA Fact Sheet electronically to all current employees and all employees hired by Charter Oak in the two years following the entry of judgment in this matter.

4.     If a prospective employer requests of Charter Oak a reference for Doreen Coburn or Germaine Washington, Charter Oak, its agents, employees, and/or representatives shall provide a written, neutral job reference in response to such a request. Charter Oak, its agents, employees, and/or representatives, will provide, if requested, the starting and ending dates of Doreen Coburn and Germaine Washington's employment at Charter Oak, their job title(s) at Charter Oak, and/or their rate(s) of pay at Charter Oak, as requested by the person or entity seeking such an employment reference. If Defendant Alfreda D. Turner receives such a request for a reference, she shall refer the prospective employer to the human resources department at Charter Oak. Defendants agree not to say or convey to any third party anything that could be reasonably construed as damaging the name, character, or employment of Doreen Coburn, Angela Griffin-Wimberly, or Germaine Washington.

5.     Defendants, their agents, employees, and/or representatives agree to immediately remove and expunge from the files of Charter Oak, including the personnel files of Doreen Coburn, Angela Griffin-Wimberly, and Germaine Washington, all references to this action and to any disciplinary action related to this action, including termination, as described in the Complaint in this matter, along with any negative information related to the terms and conditions

3

under which Doreen Coburn, Angela Griffin-Wimberly, and Germaine Washington ceased to be employed by Charter Oak.

6. The parties acknowledge that Charter Oak and Doreen Coburn have agreed that they will not have any future employment relationship, and that Charter Oak and Germaine Washington have agreed that they will not have any future employment relationship.

7. The Secretary's Complaint in this matter sought back wages, interest, and compensatory damages. The parties hereby agree that, in full settlement of the foregoing and the allegations set forth in the Secretary's Complaint, Defendants shall make payment to Doreen Coburn, the Estate of Angela Griffin-Wimberly, and Germaine Washington as follows:

    a. Defendants shall pay Doreen Coburn the total amount of $85,000.00, less Doreen Coburn's share of applicable taxes.

    b. Defendants shall pay Germaine Washington the total amount of $30,000.00, less Germaine Washington's share of applicable taxes.

    c. Defendants shall pay to the Estate of Angela Griffin-Wimberly the total amount of $10,000.00, less Angela Griffin-Wimberly's share of applicable taxes.

    d. Each of the foregoing payments will be made to Doreen Coburn, the Estate of Angela Griffin-Wimberly, and Germaine Washington with one-half of the amounts being paid by Defendants within 30 days of the parties' execution of this Consent Judgment and Order and the balance being paid on or before July 10, 2017.

    e. All payments to Doreen Coburn and Germaine Washington will be sent to their attorney, David Bush, with copies of the checks to be mailed to U.S. Department of Labor, Whistleblower Protection Program (Attn: Kristen Rubino or Michael Mabee), 380 Westminster Mall, Room 543, Providence, RI, 02903. The payments to the Estate of Angela Griffin-Wimberly shall be mailed to U.S. Department of Labor, Whistleblower

Protection Program (Attn: Kristen Rubino or Michael Mabee), 380 Westminster Mall, Room 543, Providence, RI, 02903. The U.S. Department of Labor shall in turn provide the payments to the Estate of Angela Griffin-Wimberly.

8. If Defendants fail to make payment in accordance with the payment schedule set forth herein, the Secretary will notify Defendants by certified mail of such failure. If Defendants do not cure the failure to make a payment within ten (10) days of receiving such notice, the entire outstanding balance of the $125,000.00 settlement amount shall become immediately due. If the entire outstanding balance becomes immediately due and Defendants fail to pay it, post-judgment interest shall be assessed on any remaining unpaid balance of such amount, in accordance with 26 U.S.C. § 6621, from the date of the default until paid in full.

9. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of this proceeding.

| For the Defendants Charter Oak and Alfreda D. Turner in her official capacity: | For the Plaintiff: |
|---|---|
| *(signature)* <br> Gary S. Starr (CT BBO No. 06038) <br> gstarr@goodwin.com | Nicholas C. Geale <br> Acting Solicitor of Labor <br><br> Michael D. Felsen <br> Regional Solicitor <br><br> *(signature)* |
| Attorney for Defendants <br> CHARTER OAK HEALTH CENTER, INC., <br> and ALFREDA D. TURNER, in her official capacity | Kelly M. Lawson (MA BBO No. 650410) <br> Counsel for Civil Rights <br> lawson.kelly@dol.gov <br><br> *(signature)* |
| Shipman & Goodwin LLP <br> One Constitution Plaza <br> Hartford, CT 06103 <br> TEL: (860) 251-5501 <br> FAX: (860) 251-5316 <br><br> DATE: June 13, 2017 | Mark A. Pedulla (MA BBO No. 685925) <br> Trial Attorney <br> pedulla.mark.a@dol.gov <br><br> Attorneys for Plaintiff <br> R. Alexander Acosta, Secretary of Labor, <br> United States Department of Labor |

| | |
|---|---|
| For Defendant Alfreda D. Turner in her personal capacity:<br><br>_/s/ Glenn A. Duhl_<br>Glenn A. Duhl (CT Bar No. 03644)<br>GDuhl@zcclawfirm.com<br><br>Attorney for Defendant<br>ALFREDA D. TURNER, in her personal capacity<br><br>Zangari Cohn Cuthbertson Duhl & Grello P.C.<br>59 Elm Street, Suite 400<br>New Haven, CT 06510<br>TEL: (203) 786-3709<br>FAX: (203)623-1465<br><br>DATE: June 13, 2017 | U.S. Department of Labor<br>Office of the Solicitor<br>JFK Federal Building<br>Room E-375<br>Boston, MA 02203<br>TEL: (617) 565-2500<br>FAX: (617) 565-2142<br><br>DATE: June 14, 2017 |

So Ordered:

/s/Stefan R. Underhill      6/16/17

United States District Judge